**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-3125
_____

ROSEANNA A. SIAS; EILEEN L. MCMENAMIN; BASILIA
TSIKENTZOGLOU; PAUL TESTA; JOHN C. WONG,
                              Appellants

v.

SECRETARY NEW JERSEY DEPARTMENT OF STATE, in her official capacity as
Lt. Governor and Secretary of State the State of New Jersey; NEW JERSEY DIVISION
OF ELECTIONS, Donna Barber, in her official capacity as Acting Director for the New
Jersey Division of Elections
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 3:24-cv-08747)
District Judge:  Honorable Michael A. Shipp
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 27, 2025
Before:  BIBAS, FREEMAN, and NYGAARD, <u>Circuit Judges</u>

(Opinion filed: June 4, 2025)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Appellants, Roseanna A. Sias, Eileen L. McMenamin, Basilia Tskikentzoglou, Paul Testa, and John C. Wong, were New Jersey presidential elector candidates who had pledged their votes to aspiring presidential candidate Shiva Ayyadurai. On July 11, 2024, Ayyadurai filed a petition with the New Jersey Secretary of State nominating Appellants as electors for himself as an independent candidate on the November 5, 2024 general election ballot. Following an objection to the petition, an Administrative Law Judge (ALJ) found that Ayyadurai was ineligible to hold the office of the President because he is not a natural-born citizen of the United States.[1] The New Jersey Secretary of State adopted the ALJ's decision and rejected Ayyadurai's petition. Ayyadurai filed applications for emergent relief in the New Jersey Superior Court, Appellate Division, and the New Jersey Supreme Court, but both applications were denied.

On August 26, 2024, Appellants filed a complaint in the District Court against the New Jersey Secretary of State and the New Jersey Division of Elections. They sought declaratory and injunctive relief, arguing that Appellees had violated their First and Fourteenth Amendment rights by excluding them from the New Jersey ballot for the

---

[1] See U.S. Const. art. II, § 1, cl. 4 ("No Person except a natural born Citizen, or a Citizen of the United States, at the time of the Adoption of this Constitution, shall be eligible to the Office of President. . . .").

2

November 5, 2024 general election.  Along with their complaint, Appellants filed a motion for a preliminary injunction seeking to enjoin Appellees from removing them from the ballot.  The District Court denied the motion.  Appellants appealed.

The appeal is moot.  "[F]ederal courts are without power to decide questions that cannot affect the rights of litigants in the case before them."  North Carolina v. Rice, 404 U.S. 244, 246 (1971) (per curiam).  In their motion for a preliminary injunction, Appellants sought only to enjoin Appellees from removing them from the November 5, 2024 general election ballot.  Because that election is now over, no live controversy remains.  While we recognize that there is an exception to the mootness doctrine for challenges to actions that are "capable of repetition, yet evading review," see Spencer v. Kemna, 523 U.S. 1, 17 (1998), the action Appellants challenge does not evade review; rather, Appellants' underlying suit is ongoing in the District Court.  They may continue to litigate their legal challenges there.

For these reasons, we will dismiss the appeal.